IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAMON LEE WOOD | § | |
| VS. | § | CIVIL ACTION NO. 1:10-CV-182 |
| TDCJ-CID REHABILITATION & RE-ENTRY<br>PROGRAM DIVISION, ET AL. | § | |

## MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Damon Lee Wood, a prisoner previously confined at the Hightower Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the TDCJ-CID Rehabilitation and Re-entry Program Division, Madeline Ortiz, Joseph A. Bon-Jorno, Schuwan A. Dorsey, Kimm M. Perez, Linda Tanner and Walter B. Connealy.

The court ordered that this matter be referred to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing the action pursuant to 28 U.S.C. § 1915A as frivolous and for failure to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. Plaintiff filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit. An individual who was not convicted of a sex offense is entitled to

some process before being required to register as a sex offender or participate in therapy. *Williams v. Ballare*, 466 F.3d 330, 332 (5th Cir. 2006). Because plaintiff was convicted of a sex offense, the parole board did not infringe on a liberty interest by imposing sex offender special conditions on his parole, including the requirement that he participate in a Sex Offender Treatment Program prior to release. *Jennings v. Owens*, 602 F.3d 652, 659 (5th Cir. 2010). Plaintiff's claim that he was denied parole because of his non-participation in a Sex Offender Treatment Program is not cognizable in a civil rights action. *Sanders v. Smith*, 111 F. App'x 752, 752 (5th Cir. 2004).

## ORDER

Accordingly, plaintiff's objections (document no. 20) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (document no. 15) is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**SIGNED** this the **26** day of **September, 2016.**

_____
Thad Heartfield
United States District Judge

2